The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial District 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
I am writing in response to your request for my opinion regarding the application of A.C.A. § 26-35-601(c)(3) (Supp. 1999). Specifically, you have asked me to address the following questions:
 1. If a person sells real estate in September of 1999 and has yet to pay 1998 personal property taxes, may the collector require payment of the 1998 personal property taxes prior to transferring title to the real estate?
 2. If the answer is no, then does § 26-35-601(c)(3) supersede sections (a) and (b) of that section?
You report that "[i]t has been the practice in Garland County upon real estate closings to collect both delinquent and current personal property taxes prior to transferring ownership of title to real property."
RESPONSE
In my opinion, the answer to your first question is "no." With respect to your second question, subsection (c)(3) does supersede subsections (a) and (b) to the extent that subsection (c)(3) prohibits the collector from conditioning the acceptance of real estate taxes at the time of a property sale upon simultaneous payment of both delinquent and currently due personal property taxes. Subsection (c)(3) makes it clear that the collector can no longer insist that currently due personal property taxes be paid along with delinquent personal property taxes and real estate taxes at the time of a real property sale. In my opinion, if the Garland County collector insists on the simultaneous payment of all three varieties of tax at the time of a land transfer, he is acting in direct contravention of subsection (c)(3).
Question 1: If a person sells real estate in September of 1999 and hasyet to pay 1998 personal property taxes, may the collector requirepayment of the 1998 personal property taxes prior to transferring title tothe real estate?
You refer in your request to the attached Ark. Op. Att'y Gen. No.99-304, which addresses a question very similar to your own. I am also attaching Ark. Ops. Att'y Gen. No. 2000-092 and 2000-118, which likewise address this issue. I continue to subscribe to the analysis in these three opinions, which establish that the described practice in Garland County is contrary to law.
Section 26-35-601 of the Arkansas Code provides:
 (a) All collectors in this state shall be charged with the responsibility of collecting personal property taxes shown to be due by the taxpayer as reflected by the records in the collector's office at the time the taxpayer pays the general taxes due on real estate.
 (b) Any collector willfully accepting payment of general real estate taxes without requiring the payment of personal property taxes due as reflected by the records in his office shall be deemed guilty of a misdemeanor and, upon conviction, shall be fined in a sum not less than twenty-five dollars ($25.00) nor more than one hundred dollars ($100).
 (c)(1) It is the intention of this section to require the collection of personal property taxes as reflected by the records in the office of the collector and to prevent a taxpayer from paying and the collector from receiving payment of general real estate taxes without payment of personal property taxes if any personal property taxes are shown to be due.
 (2) The provisions of this section shall not prevent any person, firm, partnership, or corporation from paying general real estate taxes on property securing the payment of indebtedness due the person, firm, partnership, or corporation seeking to pay the taxes.
 (3) Notwithstanding the other provisions of this section, a collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is being transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
(Emphasis added.) The answer to your question is contained in the highlighted passage, which on its face requires the collector to accept the payment of general real estate taxes at the time of transfer if, and only if, the delinquent personal property taxes are paid. As I stated in Ark. Op. Att'y Gen. No. 2000-118:
 On its face, the highlighted language absolutely requires the collector to accept payment of general real estate taxes so long as delinquent personal property taxes have been paid. Nothing in the statute authorizes the collector to further demand payment of personal property due but not delinquent. Indeed, in my opinion any such demand would directly contravene the statute, which affords the collector no discretion to refuse payment of general real estate taxes when there is no delinquency in personal property taxes.
In my opinion, then, the Garland County collector would be violating the law (1) if he accepted general real estate taxes at the time of a real property transfer without also collecting the transferor's delinquent personal property taxes; and (2) if he insisted that the transferor pay not only delinquent, but also currently due, personal property taxes before accepting payment of general real estate taxes.
Question 2: If the answer is no, then does § 26-35-601(c)(3) supersedesections (a) and (b) of that section?
Subsection (c)(3) of the statute was added by amendment inAct 994 of 1999. The effect of this amendment was only partially to supersede subsections (a) and (b) of the statute. Before the amendment, the unqualified application of subsections (a) and (b) operated to impose on the collector a blanket obligation to collect both delinquent and currently due personal property taxes before accepting payment of general real estate taxes, regardless of whether the payment was undertaken in connection with a conveyance of real property. The adoption of subsection (c)(3) carved out an exception to this rule that applies only when the payment of taxes is undertaken in connection with a land transfer. In such an instance, a collector is obligated to accept the payment of general real estate taxes upon receipt only of delinquent, but not necessarily currently due, personal property taxes. The collector may, of course, also accept payment of currently due personal property taxes at this time, but he cannot condition accepting general real estate taxes upon receipt of currently due personal property taxes. I would thus characterize subsection (c)(3) as only partially superseding subsections (a) and (b).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures